■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARABALLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 17, 1986, convicting him of burglary in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In a burglary case, the element of intent to commit a crime within a building entered unlawfully must normally be proved by circumstantial evidence since it is rare that a perpetrator will openly declare his intent to commit a crime *(People v Barnes,* 50 NY2d 375, 381; *People v Castillo,* 47 NY2d 270, 277; *People v Parker,* 125 AD2d 340, *lv denied* 69 NY2d 884). Upon a review of the record before us, we find the jury could reasonably conclude from the facts proved and the inferences which could be drawn therefrom that the defendant intended to commit a crime in the subject premises. As a result, there was legally sufficient evidence to establish the element of intent with regard to the charge of burglary in the second degree *(see, People v Barnes, supra; People v Castillo, supra).* Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court should have addressed the jury's request for clarification of the word intent notwithstanding the jury's retraction of the question 12 minutes later is unpreserved for our review (CPL 470.05 [2]). In any event, the contention is without merit. The sufficiency of a trial court's response to a request for supplemental instructions is gauged by the form of the jury's question, the particular issue, the supplemental instruction actually given and the prejudice to the defendant *(People v Almodovar,* 62 NY2d 126, 132-133). However, "[t]he error is not so much that an instruction is inadequate in some legal respect, but that the jury, misled by or not comprehending the original charge, remains perplexed about the elements of the crime or the application of the law to the facts" *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847). The jury here was obviously no longer perplexed. Moreover, the original charge was adequate regarding intent *(see, People v Malloy, supra;* 1 CJI[NY] 9.31). Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.