■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LIDE, Appellant. [596 NYS2d 103] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered October 8, 1991, convicting him of burglary in the second degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his burglary convictions were based upon legally insufficient evidence. Viewing the evidence in the light most favorable to the prosecution (see, People v

*Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The evidence of the defendant's conduct proved that he entered the building with the intent to commit a crime *(see,* Penal Law § 140.25; *People v Barnes,* 50 NY2d 375, 380; *People v Castillo,* 47 NY2d 270, 277; *People v Caraballo,* 138 AD2d 725, 726). The People proved that the defendant entered the night club through a closed emergency exit at a time when the club was closed to the public, and that he was discovered approximately fifteen minutes later hiding behind the bar holding several bottles of liquor. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the County Court properly sentenced the defendant as a second violent felony offender. Since the defendant admitted to pleading guilty to the prior charge, he had the burden of proving that the prior violent felony conviction was unconstitutional *(see,* CPL 400.21 [7]; *People v Harris,* 61 NY2d 9, 15). The circumstances of that case indicate that the defendant was sufficiently aware of the consequences of his guilty plea, and that the plea was an intelligent and voluntary choice *(see, People v Harris, supra,* at 18-19; *People v Gerber,* 182 AD2d 252, 259; *People v Garner,* 186 AD2d 819). The defendant therefore failed to meet his burden of proving that the prior plea was constitutionally defective. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.