■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GILMORE, Appellant. [605 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered July 10, 1991, convicting him of burglary in the third degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the prosecution failed to prove the element of "intent to commit a crime", a necessary element for a conviction of burglary in the third degree, is without merit. The defendant was found by the police inside a grocery store at approximately 6:30 A.M., when the store was closed and locked. The only way the defendant could have entered the store was through a two-foot wide hole, 11 feet above the ground, that had been made by bending back a metal sign above the awning. The police officer who arrested the defendant after ordering him out of the store observed that the store had been ransacked. The owner of the

store testified that several cartons of cigarettes and two or three cases of beer were missing, as well as $100 from the cash register. Based on the defendant's conduct and the surrounding circumstances, the trial court properly inferred that the defendant intended to commit a crime *(see, People v Barnes,* 50 NY2d 375; *People v Gates,* 170 AD2d 971; *People v Rodriquez,* 144 AD2d 501).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.