[672 NYS2d 362]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHEEN RUSH, Appellant.

Second Department, April 27, 1998

*See, People v Rush*, 165 Misc 2d 821.

### APPEARANCES OF COUNSEL

*Richard Herzfeld,* New York City, for appellant.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn (*Roseann B. MacKechnie* and *Ruth E. Ross* of counsel), for respondent.

**OPINION OF THE COURT**

THOMPSON, J.

The defendant was convicted, upon a jury verdict, of one count each of rape in the first degree and robbery in the first degree. The principal evidence implicating the defendant in the commission of the crimes was a DNA profile, which revealed that his DNA matched the DNA in a semen sample recovered from the victim. The DNA profile established that the likelihood of another person having the same DNA profile was one in 500 million. Although the victim selected the defendant's picture from a photo array and also identified him in a lineup shortly after the crime was committed, she misidentified the defendant at trial.

On appeal, the defendant claims, *inter alia,* that since DNA evidence is circumstantial in nature and is not absolute, such evidence cannot alone serve to prove his guilt beyond a reasonable doubt under the circumstances presented. We disagree.

It is well settled that a jury verdict must be sustained if, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes,* 60 NY2d 620, 621, quoting *Jackson v Virginia,* 443 US 307, 319). It is also settled that a defendant's guilt may be established through the introduction of circumstantial evidence when "the hypothesis of guilt [flows] naturally from the facts proved, and [is] consistent with them; and * * * exclude[s] 'to a moral certainty' every reasonable hypothesis of innocence" (*People v Benzinger,* 36 NY2d 29, 32, quoting *People v Borrero,* 26 NY2d 430, 435; *see also, People v Guiliano,* 65 NY2d 766). When measured against these criteria, the evidence introduced at the trial here was sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant first claims that DNA evidence cannot serve as the sole evidence supporting his conviction because it is circumstantial in nature and is not absolute or infallible. This claim is not persuasive. Virtually no evidence is absolutely conclusive in its probative import, and the defendant cites no authority which imposes such a standard of absolute certitude (*cf., People v Geraci,* 85 NY2d 359, 367; *People v Bethune,* 105 AD2d 262, 271; *see, Springfield v State,* 860 P2d 435 [Wyo]). Legal sufficiency "does not mean that absolute or metaphysical certainty is required" (*People v Eckert,* 2 NY2d 126, 129). Further, it is well settled that "[c]ircumstantial evidence is not a disfavored form of proof and, in fact, may be stronger than

direct evidence" (*People v Geraci, supra,* at 369; *see also, People v Benzinger, supra,* at 32; *People v Leach,* 57 AD2d 332, 336, *affd* 46 NY2d 821). It has been observed that "[c]ircumstantial evidence is frequently more reliable and stronger than direct proof by eyewitness testimony" (*People v Gallo,* 75 AD2d 148, 153; *People v Benzinger, supra,* at 32; *cf., People v Mooney,* 76 NY2d 827, 828-833 [Kaye, J., dissenting]).

The scientific evidence adduced was not insufficient to establish the defendant's guilt beyond a reasonable doubt. There is no question that DNA profiling of the type employed here constitutes admissible, probative evidence in the State of New York (*see, e.g., People v Wesley,* 83 NY2d 417). In *People v Wesley (supra,* at 420), the Court of Appeals stated that DNA profiling "has been accepted and found reliable by the relevant scientific community". The Court further added that DNA profiling "consisting of unique genetic characteristics belonging to an individual, can provide strong evidence of a person's presence at and participation in a criminal act" (*People v Wesley, supra,* at 421).

Here, the record confirms that the DNA evidence submitted provided "strong evidence" of the defendant's participation in the rape and robbery (*People v Wesley, supra).* As the trial court accurately noted in denying the defendant's motion for a trial order of dismissal, "[t]he DNA evidence at the trial was the product of careful evaluation by a recognized expert in a prominent laboratory using a scientific technique to determine a statistical probability" (*People v Rush,* 165 Misc 2d 821, 825). The unrebutted scientific testimony introduced by the People established that the DNA recovered from the crime scene matched the defendant's DNA. According to the People's expert, the chance that another person's profile would produce such a match was virtually nonexistent, i.e., 500 million to one. The foregoing evidence constituted highly probative evidence that the jury could properly credit as establishing the defendant's guilt beyond a reasonable doubt (*cf., People v Gallo, supra).* Moreover, although the victim misidentified the defendant at trial, any conflicting inferences to be drawn from her testimony were for the jury to resolve, and we cannot conclude on the record before us that its verdict was against the weight of the evidence (*cf., People v Bleakley,* 69 NY2d 490, 495).

The defendant's argument that the People's scientific expert improperly combined several racial databases in reaching his statistical probability conclusions is unpreserved for appellate review. In any event, the claim is lacking in merit. A review of

the expert's testimony fails to support the defendant's asserted conclusion with respect to the alleged improper use of these racial databases.

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641) or without merit (*see, People v Singleton,* 41 NY2d 402, 405; *People v Melvin,* 223 AD2d 604; *see also, People v Lawrence,* 64 NY2d 200, 203; *People v Harvall,* 196 AD2d 553; *People v Williams,* 114 AD2d 683). Accordingly, the judgment is affirmed.

BRACKEN, J. P., O'BRIEN and ALTMAN, JJ., concur.

Ordered that the judgment is affirmed.