■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE JOHNSON, Appellant. [732 NYS2d 22] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 14, 1999, convicting her of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the Supreme Court erred in permitting the People to introduce a portion of her testimony from an earlier trial as evidence of flight. Although evidence of flight may be admitted to raise an inference of guilt even where it is ambiguous and does not exclude every possible innocent motive (*see, People v Yazum,* 13 NY2d 302, 304; *People v Fama,* 212 AD2d 542), here the subject testimony indicated that approximately two years after the crime, the defendant spent four months in Maryland. Notably, the People presented no evidence that the defendant was aware that she was a suspect in the instant offense at the time she traveled to Maryland, or that the police investigation into the offense was still active at that time (*cf., People v Anderson,* 99 AD2d 560). Under these circumstances, the testimony regarding the defendant's brief relocation did not have even the limited probative value ordinarily associated with evidence of flight. However, in view of the overwhelming evidence of the defen-

dant's guilt, and the fact that this testimony was not unduly emphasized in the prosecutor's summation, the error was harmless (*see, People v Hinckson,* 266 AD2d 404; *People v John,* 221 AD2d 564; *People v Alexander,* 164 AD2d 892).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.