THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY T. BERGMAN, Appellant. [894 NYS2d 635]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered April 18, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal mischief in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the third degree (§ 145.05 [2]). The conviction arises from an incident in which defendant forcibly entered a bar after hours by breaking the glass windows in two entryway doors and pulling the alarm system off the wall. We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "In burglary cases [based on circumstantial evidence, as is the case herein], the defendant's intent to commit a crime within the premises may be inferred beyond a reasonable doubt from the circumstances of the entry" (*People v Gates*, 170 AD3d 971, 971-972 [1991], *lv denied* 78 NY2d 922 [1991] [internal quotation marks omitted]; *see People v Gaines*, 74 NY2d 358, 362 n 1 [1989]). The fact that defendant used force in obtaining entry to the bar by breaking the glass windows in the entryway doors "amply supports the inference that he had criminal intent[, and t]hat inference is buttressed by numerous other factors, primarily defendant's unexplained and unauthorized presence on the premises" in the early hours of the morning (*Gates*, 170 AD2d at 972). Similarly, with respect to the criminal mischief count, defendant's intent to damage the property may be inferred from

the circumstances of the incident (*see People v Bryant*, 13 AD3d 1170 [2004], *lv denied* 4 NY3d 884 [2005]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Based on the testimony of the witnesses, the photographs depicting the damaged property, and the DNA evidence placing defendant at the scene of the incident, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*). Contrary to the further contention of defendant in his main and pro se supplemental briefs, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Workman*, 277 AD2d 1029, 1032 [2000], *lv denied* 96 NY2d 764 [2001]).

Finally, because defendant failed to include in the record on appeal the motion papers concerning the alleged denial of his right to a speedy trial, we are unable to review the merits of his contention concerning that alleged denial, raised in his pro se supplemental brief (*see People v Highsmith*, 254 AD2d 768, 770 [1998], *lv denied* 92 NY2d 983, 1033 [1998]; *see also People v Velez*, 223 AD2d 414 [1996], *lv denied* 88 NY2d 855 [1996]; *People v Calderon*, 223 AD2d 380 [1996], *lv denied* 87 NY2d 1017 [1996]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.