# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1152**

**KA 08-00225**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

ERIC R. MULL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 13, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, Supreme Court's *Sandoval* ruling did not constitute an abuse of discretion. Defendant's prior conviction of false personation pursuant to Penal Law § 190.23 bore directly on his credibility, inasmuch as it involved an act of individual dishonesty by him (*see People v Smikle*, 82 AD3d 1697, 1697, *lv denied* 17 NY3d 801; *see generally People v Sandoval*, 34 NY2d 371, 377; *People v Arguinzoni*, 48 AD3d 1239, 1240-1241, *lv denied* 10 NY3d 859), and the court did not abuse its discretion in allowing the prosecutor to question defendant concerning the facts underlying that conviction (*see People v Thompson*, 295 AD2d 917, 918, *lv denied* 98 NY2d 772). Although defendant contends that the court failed to balance the probative value of defendant's prior convictions against their potential for undue prejudice, we note that it is well settled that "an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . ., particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments" (*People v Walker*, 83 NY2d 455, 459; *see People v Carter*, 38 AD3d 1256, 1257, *lv denied* 8 NY3d 982).

Defendant further contends that the court erred in admitting in evidence testimony concerning defendant's prior aggressive behavior

toward one of the victims because it was introduced solely to demonstrate his criminal propensity and thus was inadmissible under *People v Molineux* (168 NY 264). We reject that contention. Even assuming, arguendo, that the victim's testimony constitutes *Molineux* evidence (*see generally People v Ventimiglia*, 52 NY2d 350; *Molineux*, 168 NY 264), we conclude that such testimony was properly admitted inasmuch as it was relevant to establish defendant's intent and motive, as well as to provide relevant background information, and its probative value outweighed its prejudicial effect (*see People v Alvino*, 71 NY2d 233, 241-242; *People v Nelson*, 57 AD3d 1441, 1442). In any event, any error with respect to the admission of that testimony is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

With respect to defendant's further contention that he was deprived of a fair trial by prosecutorial misconduct during summation, defendant failed to object to several of the allegedly improper comments, and thus his contention with respect to those comments is unpreserved for our review (*see People v Freeman*, 78 AD3d 1505, *lv denied* 15 NY3d 952; *People v Overlee*, 236 AD2d 133, 136, *lv denied* 91 NY2d 976). We decline to exercise our power to review his contention with respect to the allegedly improper comments that are not preserved for our review (*see* CPL 470.15 [6] [a]), and we reject defendant's contention with respect to the remaining allegedly improper comments. Those comments were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915; *see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893).

Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a " 'valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see Bleakley*, 69 NY2d at 495). The jury could have reasonably inferred that defendant intended to commit a crime inside the victims' residence based on the evidence of his use of force to gain entry to the house (*see People v Bergman*, 70 AD3d 1494, *lv denied* 14 NY3d 885; *People v Gates*, 170 AD2d 971, *lv denied* 78 NY2d 922). That " 'inference is buttressed by numerous other factors' " (*Bergman*, 70 AD3d at 1494), including testimony that defendant had visited the residence a few days prior to the burglary and that, after being told to stop entering the residence, he continued to do so until one of the victims fired a gun in his direction.

Finally, viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), and giving the appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, *lv denied* 15 NY3d 805), we conclude that the verdict is not against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:   November 10, 2011              Patricia L. Morgan
                                          Clerk of the Court