■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY GUZMAN, Appellant. [982 NYS2d 908]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Holdman, J.), rendered July 9, 2010, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Betancourt*, 68 NY2d 707 [1986]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt (*see* Penal Law § 140.25 [2]; *People v Hammon*, 47 AD3d 644 [2008]; *People v Balaz*, 43 AD3d 949

[2007]; *People v Moon,* 11 AD3d 486 [2004]; *People v Brown,* 288 AD2d 233 [2001]; *People v Hirsch,* 280 AD2d 612 [2001]; *People v Murray,* 168 AD2d 573 [1990]). Contrary to the defendant's contention, his intent to commit a crime within the subject residence was sufficiently established by circumstantial evidence (*see People v Barnes,* 50 NY2d 375, 380 [1980]; *People v Bergman,* 70 AD3d 1494 [2010]; *People v Gilmore,* 199 AD2d 410, 411 [1993]; *People v Lide,* 192 AD2d 557, 558 [1993]; *People v Murray,* 168 AD2d 573 [1990]; *People v Caraballo,* 138 AD2d 725 [1988]), including DNA evidence linking the defendant to the crime (*see People v Jones,* 105 AD3d 1059, 1060 [2013]; *People v Dolan,* 2 AD3d 745, 746 [2003]; *People v Rush,* 242 AD2d 108 [1998]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the convictions was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court conducted an extensive colloquy, following which the defendant executed a knowing, voluntary, and intelligent waiver of his right to counsel (*see People v Providence,* 2 NY3d 579, 583 [2004]; *People v Vivenzio,* 62 NY2d 775 [1984]; *People v Anderson,* 94 AD3d 1010, 1012 [2012]).

The defendant's remaining contention is without merit. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.