■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULA IZURIETA, Appellant. [983 NYS2d 433]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 7, 2011, convicting her of burglary in second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defend-

ant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention that the evidence was legally insufficient to support her convictions of burglary in the second degree, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on those counts. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's comments during summation deprived her of her right to a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the prosecutor's comments did not deprive the defendant of a fair trial, as the challenged comments were a fair response to the defendant's attack on the credibility of the complainants, did not denigrate the defense, and were within the bounds of appropriate argument based on the evidence (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v McBride*, 103 AD3d 920, 921 [2013]; *People v Ropiza*, 100 AD3d 935, 936 [2012]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in her pro se supplemental brief, are without merit. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.