■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY WISDOM, Appellant. [991 NYS2d 141]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 30, 1997, convicting him of attempted murder in the second degree (two counts), burglary in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. By opinion and order dated July 11, 2012, this Court reversed the judgment, on the law, granted the defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (5), and granted the People leave to resubmit the charges to another grand jury (*see People v Wisdom*, 98 AD3d 241 [2012]). On June 5, 2014, the Court of Appeals reversed the opinion and order of this Court, reinstated the judgment of conviction, and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*see People v Wisdom*, 23 NY3d 970 [2014]).

Justice Lott has been substituted for former Justice Florio (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is affirmed.

On January 31, 1996, the complainant and her four-year-old granddaughter were attacked in the complainant's apartment. Subsequently, the defendant was arrested in connection with the incident. During trial, the court admitted into evidence testimony from a daughter of the complainant regarding the course of her relationship with the defendant. The witness testified that she had helped the defendant when he was "down on his luck," but that he became increasingly abusive to her, displaying a jealousy about a perceived relationship that did not exist between them. The witness's testimony recounted, among other things, the defendant's stalking behavior and two attacks the defendant committed on her before the attack against her mother and niece. The court admitted the evidence as relevant to the defendant's motive, intent, and "factual background" of the case. On appeal, the defendant contends that the witness's testimony regarding his uncharged acts against her should not have been admitted. He argues that the testimony was not relevant for a proper purpose, but only on the improper issue of his propensity to be violent. Further, he contends that even if the evidence was relevant to a proper purpose, the prejudicial effect far outweighed any probative value. We disagree.

Evidence of uncharged crimes is, under the *Molineux* rule (*see People v Molineux*, 168 NY 264 [1901]), inadmissible if its only purpose is to prove the defendant's propensity to commit crimes (*see People v Harris*, 117 AD3d 847, 854 [2014]). Nonetheless, evidence of uncharged crimes may be admissible under the *Molineux* rule if the evidence is admissible for a proper purpose (*see People v Gamble*, 18 NY3d 386, 397-398 [2012]). When a court is asked to admit evidence of a defendant's uncharged crimes, the court must first determine whether, as a matter of law, the evidence is probative on a relevant and material issue. If it is, the court must balance the probative value and need for the evidence against the likelihood for prejudice (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Wilkinson*, 71 AD3d 249, 254-255 [2010]).

In this case, the evidence of the defendant's uncharged crimes against the complainant's daughter was relevant and probative as to the defendant's motive to commit the charged crimes against the complainant and her granddaughter, and to give the jury an appropriate context in which to evaluate the case. Ac-

cordingly, it was not inadmissible as a matter of law. Further, the court did not improvidently exercise its discretion in admitting the evidence regarding the complainant's daughter, because the probative value and need for it outweighed the potential for unfair prejudice. The complainant had told the defendant at one point that he was not welcome in her home. This perceived slight could not have explained the depth of the anger evinced by the brutality of the defendant's attacks on the complainant and her four-year-old granddaughter. The evidence of uncharged crimes against the complainant's daughter made clear to the jury that the defendant's rage began against the complainant's daughter and arose from his relationship with her, rather than from anything the complainant had said to the defendant (*see People v Gamble*, 18 NY3d at 392; *People v Dorm*, 12 NY3d 16, 18-19 [2009]; *People v Wilkinson*, 71 AD3d at 255). Without that evidence, the jury would have been deprived of necessary context with respect to the crimes and the defendant's reason for committing them.

The defendant next contends that it was improper for the court to permit the complainant's daughter to testify on redirect examination that she was told shortly after the attacks that the defendant had tried to kill her mother and niece. The defendant's contention is, in part, unpreserved for appellate review (*see* CPL 470.05 [2]). To the extent that the issue is preserved, it is meritless. During cross-examination, defense counsel questioned the witness about why she was able to remember the day before the attack. This opened the door to the challenged testimony, which was elicited on redirect examination to explain why the witness was able to remember seeing the defendant in front of her home the day before her mother and niece were attacked (*see People v Barcero*, 116 AD3d 1060, 1061 [2014]). It was not elicited for the purpose of identifying the defendant as the assailant. Accordingly, the testimony was not inadmissible hearsay (*see People v Kass*, 59 AD3d 77, 85-86 [2008]). Moreover, the defendant failed to request that the court instruct the jury as to the proper use of that testimony. Any error in the court's failure to sua sponte issue a limiting instruction was harmless. The evidence of the defendant's guilt was overwhelming and there was no significant probability that the defendant would have been acquitted had the court given a limiting instruction with respect to this evidence. Moreover, the absence of a limiting instruction did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230 [1975]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.