■ The People of the State of New York, Respondent, v Deighton K. Reed, Appellant. [7 NYS3d 601]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered May 23, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of cross-examination regarding the prior conviction and underlying charges so outweighed the probative worth of that evidence that exclusion was warranted (*see People v Sandoval*, 34 NY2d at 378; *People v Cosme*, 99 AD3d 940 [2012]; *People v Flowers*, 273 AD2d 938, 939 [2000]; *People v Intelisano*, 188 AD2d 881, 882-883 [1992]).

The defendant's contention that autopsy photographs of the victim were improperly admitted into evidence by the trial court is unpreserved for appellate review, as he failed to raise any objection to the admission of those photographs (*see* CPL 470.05 [2]; *People v Rivera*, 74 AD3d 993, 994 [2010]). In any event, the photographs were properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy (*see People v Wende*, 122 AD3d 884 [2014]; *People v Rivera*, 74 AD3d at 993). As the photographs showed the nature of the injury, they were relevant to a material issue at trial (*see People v Hamilton*, 66 AD3d 921 [2009]; *People v Meeks*, 56 AD3d 800 [2008]; *People v Collic*, 285 AD2d 514 [2001]; Penal Law § 125.25 [1]). Contrary to the defendant's contention, the availability of other evidence with regard to the injury did not require exclusion of the photographs (*see People v Reyes*, 49 AD3d 565 [2008]; *People v Allan*, 41 AD3d 727 [2007]).

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.