◼ The People of the State of New York, Respondent, v Justin Curran, Appellant. [33 NYS3d 334]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J., at trial; Berry, J., at sentence), rendered March 12, 2014, convicting him of burglary in the second degree, upon his plea of guilty, and murder in the second degree (three counts), burglary in the first degree, robbery in the first degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (three counts), burglary in the first degree, robbery in the first degree, and grand larceny in the fourth degree beyond a reasonable doubt. Contrary to the defendant's contention, "[t]he standard of appellate review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is the same for circumstantial and non-circumstantial cases" (*People v Grassi*, 92 NY2d 695, 697 [1999]). Here, the circumstantial evidence adduced was sufficient to show, inter alia, that the defendant intended to kill the victim (*see People v Guzman*, 116 AD3d 790, 791 [2014]; *People v Bergman*, 70 AD3d 1494, 1494-1495 [2010]; *People v Gilmore*, 199 AD2d 410, 411 [1993]). Furthermore, despite the defendant's contentions

to the contrary, the circumstantial evidence sufficiently established that he used force to deprive the victim of her property, namely, an automobile. In addition, with respect to the burglary conviction, there was sufficient circumstantial evidence, inter alia, that the defendant entered the victim's home unlawfully (*see People v Barnes*, 50 NY2d 375, 380 [1980]; *People v Bergman*, 70 AD3d 1494 [2010]; *People v Gilmore*, 199 AD2d at 411; *People v Lide*, 192 AD2d 557, 558 [1993]; *People v Murray*, 168 AD2d 573 [1990]; *People v Caraballo*, 138 AD2d 725 [1988]), including DNA evidence linking the defendant to the crime (*see People v Jones*, 105 AD3d 1059, 1060 [2013]; *People v Dolan*, 2 AD3d 745, 746 [2003]; *People v Rush*, 242 AD2d 108 [1998]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]). Specifically, contrary to the defendant's arguments, based on the weight of the circumstantial evidence, the jury was justified in inferring that the defendant unlawfully entered the victim's home, stabbed her to death, and then stole her motor vehicle, establishing the defendant's guilt beyond a reasonable doubt (*cf. People v Wiley*, 119 AD3d 821, 822 [2014]).

The defendant's contention that the trial court improperly admitted evidence that he threw a "dream light" at his former paramour, striking her in the eye, as part of the sequence of events that precipitated the murder of the victim, is unpreserved for appellate review because he did not object to the court's curative instruction as given and did not request any additional curative instructions (*see* CPL 470.05 [2]; *People v Singletary*, 132 AD3d 914, 914 [2015]; *People v Flanagan*, 132 AD3d 693, 694 [2015], *lv granted* 26 NY3d 1039 [2015]). In any event, the determination of whether to admit such evidence lies within the sound discretion of the trial court (*see People v Morris*, 21 NY3d 588, 595 [2013]; *People v Dorm*, 12 NY3d 16 [2009]; *People v James*, 132 AD3d 905 [2015]). The trial court providently exercised its discretion in admitting the evidence, since it was probative with respect to completing the narrative of the events leading up to the murder of the victim and was not unduly prejudicial (*see People v Tosca*, 98 NY2d 660 [2002];

*People v Johnson*, 137 AD3d 811 [2016]; *People v Hardy*, 134 AD3d 955, 956 [2015]; *People v Harris*, 117 AD3d 847 [2014], *affd* 26 NY3d 1 [2015]; *People v Gordon*, 308 AD2d 461 [2003]; *People v Jones*, 221 AD2d 661 [1995]). Moreover, the court gave a sufficient limiting instruction regarding the use the jury could make of the evidence, which the jury is presumed to have followed (*see People v Maitland*, 136 AD3d 1058, 1059 [2016]; *People v Ross*, 262 AD2d 429, 430 [1999]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in admitting into evidence an autopsy photograph of the victim's left hand. The photograph was neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Reed*, 128 AD3d 734, 735 [2015]; *People v Reynart*, 71 AD3d 1057, 1058 [2010]; *People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Reyes*, 49 AD3d 565, 566-567 [2008]).

Lastly, the defendant contends that the court's consciousness of guilt charge lacked evidentiary support. However, the defendant failed to preserve this issue for appellate review. In any event, notwithstanding the defendant's contrary assertions, flight need not take place immediately following an act of misconduct in order to constitute evidence of consciousness of guilt (*see People v Lendore*, 36 AD3d 940 [2007]; *People v Fama*, 212 AD2d 542, 543 [1995]; *cf. People v Johnson*, 287 AD2d 651 [2001]). Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.