■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YNMACULADA GOMEZ, Appellant. [61 NYS3d 70]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered July 14, 2014, convicting her of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that she was deprived of a fair trial by improper remarks made by the Supreme Court to prospective jurors during voir dire is without merit. While some of the court's remarks were inappropriate, those remarks do not warrant reversal (*see People v Mason*, 132 AD3d 777 [2015]; *People v Bailey*, 66 AD3d 491 [2009]; *People v Daniel*, 37 AD3d 731 [2007]).

The defendant's challenge to the legal sufficiency of the evidence supporting her conviction of tampering with physical evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.

Contrary to the defendant's contention, the Supreme Court did not err in admitting evidence of certain prior bad acts committed by her. The evidence was relevant to establish the defendant's motive and intent to murder the victim, and provided necessary background information on the nature of the relationship between the defendant and the victim (*see People v Gamble*, 18 NY3d 386, 398 [2012]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Wisdom*, 120 AD3d 724, 725-726 [2014]). Further, the court providently exercised its discretion in determining that the probative value of the evidence outweighed any potential prejudice to the defendant (*see People v Gamble*, 18 NY3d at 398; *People v Wisdom*, 120 AD3d at 726), and it gave a sufficient limiting instruction regarding the use the jury could make of the evidence, which the jury is presumed to have followed (*see People v Curran*, 139 AD3d 1085 [2016]; *People v Jean*, 127 AD3d 882 [2015]).

The defendant contends that she was deprived of a fair trial by certain remarks made by the prosecutor during his summation. However, most of the challenged remarks constituted a fair response to arguments made by defense counsel during summation, or constituted fair comment on the evidence, and did not denigrate the defense (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Izurieta*, 116 AD3d 881 [2014]; *People v Bartolomeo*, 126 AD2d 375, 390 [1987]). Further, the Supreme Court properly sustained the defendant's objections to certain improper comments and corrected any possible prejudice by issuing curative instructions (*see People v Davis*, 128 AD2d 800 [1987]). To the extent that some of the prosecutor's other com-

ments were improper, any error was not so egregious as to have deprived the defendant of a fair trial (*see People v Portes*, 125 AD3d 794 [2015]; *People v Stevens*, 114 AD3d 969, 970 [2014]; *People v Tiro*, 100 AD3d 663 [2012]).

The defendant's contentions, raised in her main brief and in Point I of her pro se supplemental brief, that she was deprived of the effective assistance of counsel are based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including the remaining contentions raised in her pro se supplemental brief, are without merit. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.