People v Keizer (2018 NY Slip Op 00438)





People v Keizer


2018 NY Slip Op 00438


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-01729
 (Ind. No. 7175/13)

[*1]The People of the State of New York, respondent,
v
Messiah Keizer, appellant.


Paul Skip Laisure, New York, NY (Laura B. Tatelman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered February 4, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant was convicted of assault in the second degree based on an allegation that he stabbed the complainant on a Brooklyn sidewalk. The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (see CPL 470.05[2]; People v Kolupa, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492; People v Hines, 97 NY2d 56, 61). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in granting the People's Molineux application (see People v Molineux, 168 NY 264). Prior to trial, the People made an application to introduce evidence that the defendant had engaged in a domestic dispute with a woman with whom he and the complainant each have a child, and that hours before the stabbing, the complainant confronted the defendant verbally about the domestic dispute and about the fact that the defendant had visited the woman's home in violation of an order of protection. The People theorized that the defendant stabbed the complainant as retaliation for the verbal dispute between the complainant and the defendant. The court stated that, although the People would not be allowed to "go into very much detail about what the allegations are," it would allow the People to introduce the proffered evidence "for the purpose of letting the jury know what the background was for the allegations in this case, as well as to prove the element of intent." The evidence permitted was relevant to establish the defendant's motive and intent (see People v Till, 87 NY2d 835, 837; People v Gomez, 153 AD3d 724, 725; People v Rodriguez, 148 AD3d 938). The court providently exercised its discretion in determining that the probative value of this evidence outweighed any potential [*2]prejudice to the defendant (see People v Morris, 21 NY3d 588, 595-597; People v Gomez, 153 AD3d at 725).
The Supreme Court providently exercised its discretion in denying the defendant's request for a mistrial based on the prosecutor's alleged violation of the court's Molineux ruling. The prejudicial effect of the allegedly improper testimony was not so great that it deprived him of his right to a fair trial in light of the court's action in striking the challenged testimony and issuing curative instructions to the jury (see People v Macaluso, 144 AD3d 947; People v Smith, 143 AD3d 1005, 1005-1006; People v Ragsdale, 68 AD3d 897, 898; People v Jackson, 59 AD3d 637, 638).
The defendant's contention that the prosecutor committed prosecutorial misconduct in her summation is unpreserved for appellate review, as the defendant failed to move for a mistrial or request further relief when the Supreme Court gave curative instructions (see People v Choi, 137 AD3d 808, 810; People v Murphy, 133 AD3d 690, 690-691; People v Ambers, 115 AD3d 671, 672, affd 26 NY3d 313). In any event, the defendant was not deprived of a fair trial, as the challenged comment was isolated and any prejudice therefrom was alleviated by the curative instructions (see People v McManus, 150 AD3d 762, 763; People v Rios, 105 AD3d 873; People v Rayford, 80 AD3d 780, 781).
CPL 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it (see People v Rudolph, 21 NY3d 497, 501). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court made such a determination. Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Kings County, for resentencing after making this determination (see People v Miller, 147 AD3d 783, 783-784; People v Alston, 145 AD3d 737). We express no opinion as to whether the court should afford youthful offender status to the defendant.
The defendant's remaining contentions are without merit.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court