People v Crupi (2019 NY Slip Op 03614)





People v Crupi


2019 NY Slip Op 03614


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-09972
 (Ind. No. 315/12)

[*1]The People of the State of New York, respondent,
v
Jonathan Crupi, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered September 23, 2015, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Leonard P. Rienzi), of those branches of the defendant's motion which were to controvert two search warrants.
ORDERED that the judgment is affirmed.
The defendant appeals from a judgment convicting him of the murder of his wife.
We agree with the Supreme Court's denial of those branches of the defendant's motion which were to controvert the search warrant dated July 5, 2012, authorizing a search of "computers, laptops, computer tablets, or cellular phones," and the search warrant dated July 12, 2012, authorizing a search of four specific laptops, a cell phone, and a detachable hard drive, made on the ground that these warrants were not supported by probable cause and were overbroad. "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place'" (People v Murray, 136 AD3d 714, 714, quoting People v McCulloch, 226 AD2d 848, 849; see People v Augustus, 163 AD3d 981, 982). Great deference should be accorded to the court's determination to issue a search warrant (see People v Griminger, 71 NY2d 635, 640; People v Johnson, 66 NY2d 398, 406; People v Kane, 175 AD2d 881, 883).
Here, each of the challenged warrants was supported by an affidavit of a police witness providing the requisite probable cause to believe that evidence relating to the victim's murder would be found on the identified devices (see People v Smith, 163 AD3d 1005; see also People v Hanlon, 36 NY2d 549, 559). Moreover, contrary to the defendant's contention, the description of the objects to be seized in each of the challenged warrants was not broader than was justified by the probable cause upon which the warrants were based (see United States v Ulbrecht, 858 F3d 71, 102 [2d Cir]; U.S. v Galpin, 720 F3d 436, 445-446 [2d Cir]). Thus, the warrants were not overbroad (see People v Armstrong, 267 AD2d 120, 121; People v Durante, 131 AD2d 499; cf. People v Couser, 303 AD2d 981; People v Brown, 96 NY2d 80, 85). The defendant's contention [*2]that the search of these devices was improper absent probable cause to believe that he, in particular, was involved in the victim's murder, is unpreserved for appellate review (see CPL 470.05[2]; People v Toellner, 299 AD2d 567). In any event, the contention is without merit.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in prohibiting the defendant from cross-examining a police witness with respect to the allegations of false arrest and/or police brutality in four federal lawsuits filed against that witness. "Where a lawsuit has not resulted in an adverse finding against a police officer . . . defendants should not be permitted to ask a witness if he or she has been sued, if the case was settled (unless there was an admission of wrongdoing) or if the criminal charges related to the plaintiffs in those actions were dismissed. However, subject to the trial court's discretion, defendants should be permitted to ask questions based on the specific allegations of the lawsuit if the allegations are relevant to the credibility of the witness" (People v Smith, 27 NY3d 652, 662). "In cross-examining a law enforcement witness, the same standard for good faith basis and specific allegations relevant to credibility applies, as does the same broad latitude to preclude or limit cross-examination" (People v Enoe, 144 AD3d 1052, 1054). "First, counsel must present a good faith basis for inquiring, namely, the lawsuit relied upon; second, specific allegations that are relevant to the credibility of the law enforcement witness must be identified; and third, the trial judge exercises discretion in assessing whether inquiry into such allegations would confuse or mislead the jury, or create a substantial risk of undue prejudice to the parties" (People v Smith, 27 NY3d at 662). Here, the complaints in each of the identified actions contain only allegations of unlawful police conduct by large groups of officers, and did not set forth specific acts of misconduct against the police witness individually. Thus, cross-examination of this witness regarding the federal lawsuits was properly denied (see People v Watson, 163 AD3d 855, 859-861).
We agree with the Supreme Court's determination to permit the introduction of evidence of the defendant's 2011 internet search history, concerning methods of killing and crime scene clean up. This evidence was relevant to demonstrate the defendant's intent to commit murder, and his development of a plan or scheme to do so, and its probative value outweighed any potential undue prejudice to the defendant (see People v Frumusa, 29 NY3d 364; People v Jin Cheng Lin, 26 NY3d 701).
We agree with the Supreme Court's determination to admit evidence that the defendant patronized prostitutes during his marriage and subsequent to the murder of his wife. The evidence was relevant to establish the victim's state of mind regarding the parties' marriage, to provide the jury with background information regarding the defendant's relationship with the victim and to show that there was marital strife, and to complete the narrative of the defendant's post-murder behavior (see People v Gomez, 153 AD3d 724,725; People v Curran, 139 AD3d 1085, 1086; People v Wisdom, 120 AD3d 724). Moreover, the court providently exercised its discretion in determining that the probative value of the evidence outweighed any potential prejudice to the defendant (see People v Gomez, 153 AD3d at 725; People v Curran, 139 AD3d at 1086; People v Wisdom, 120 AD3d 724). Further, the court gave a sufficient limiting instruction regarding the use the jury could make of the evidence, which the jury is presumed to have followed (see People v Gomez, 153 AD3d at 725; People v Curran, 139 AD3d at 1087).
The defendant's remaining contention is without merit.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court