People v Lentini (2019 NY Slip Op 03814)





People v Lentini


2019 NY Slip Op 03814


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00595
 (Ind. No. 15-497)

[*1]The People of the State of New York, respondent,
v
Dylan Lentini, appellant.


Mark Diamond, New York, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered November 29, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant killed the victim by stabbing him multiple times with a knife. At trial, the defendant asserted a justification defense, alleging that he had the knife in his possession because the victim had drugged and sexually assaulted the defendant the previous night, and that the defendant stabbed the victim as the victim attempted to sexually assault him the next night. However, this defense was contradicted by evidence that the defendant was using his cellular telephone at the same time that he contends that he was unconscious during the alleged sexual assault.
After a trial, the jury convicted the defendant of murder in the second degree. The court sentenced him to an indeterminate term of 20 years to life imprisonment. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the defense of justification was disproved beyond a reasonable doubt (see People v O'Brien, 270 AD2d 433, 433-434). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's denial of the defendant's request in support of his justification defense to admit affidavits from four individuals who claimed that the victim had [*2]committed prior sexual assaults against them. The defendant lacked the requisite knowledge of those criminal acts (see People v Watson, 84 AD3d 1126, 1127), and, in any event, the affidavits were inadmissible hearsay (see People v Hayes, 17 NY3d 46, 53).
The Supreme Court did not improvidently exercise its discretion in admitting into evidence information extracted from the defendant's cellular telephone. While the defendant claims that this evidence reflected his sexual orientation and, therefore, should have been excluded, this evidence also tended to contradict the defendant's justification defense. The probative value of the evidence outweighed any potential prejudice (see People v Crupi, ___ AD3d ___, 2019 NY Slip Op 03614 [2d Dept 2019]).
At trial, the defendant objected to the Supreme Court's instruction during the charge to the jury that "[i]t's the duty of each juror to reason with his or her fellow jurors with an honest desire to arrive at the truth." Reviewing this statement in the context of the jury instructions in their entirety, there is no basis for concluding that the proper burden of proof upon the People was undermined or less than adequately conveyed (see People v Slacks, 90 NY2d 850, 851).
Finally, the record demonstrates that the Supreme Court did not fail to consider all relevant materials during sentencing.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court