The People of the State of New York, Respondent,
against
John Doherty, Appellant. 




Gail B. Rubenfeld, for appellant.
Orange County District Attorney (Robert H. Middlemiss of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson, J.), rendered February 21, 2018. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the fourth degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]) in an accusatory instrument alleging, among other things, that defendant had damaged a victim's cell phone by "grabbing the property out of the victim's hand and throwing it on the ground" during an altercation. Following a jury trial, defendant was found guilty of criminal mischief in the fourth degree but not guilty of harassment in the second degree. On appeal, defendant contends that the People failed to prove beyond a reasonable doubt that he possessed the requisite intent to damage the victim's cell phone. 
"A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [i]ntentionally [*2]damages property of another person" (Penal Law § 145.00 [1]). "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his [or her] conscious objective is to cause such result or to engage in such conduct" (Penal Law § 15.05 [1]). Absent a confession or some similar evidence, intent is generally to be inferred from a defendant's conduct and the surrounding circumstances (see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301 [1977]), and an appellate court may "presume," where the evidence so merits, that the defendant "intended the natural consequences of his [or her] acts" (People v Thomas, 50 NY2d 467, 473 n [1980]; see People v Getch, 50 NY2d 456, 465 [1980]).
Here, each of five prosecution witnesses testified that they had observed defendant grab the victim's cell phone and throw it onto the floor, from which action defendant's intent to damage the phone can be inferred (see People v Bergman, 70 AD3d 1494, 1494-1495 [2010]; People v Mandel, 57 Misc 3d 153[A], 2017 NY Slip Op 51589[U] [App Term, 1st Dept 2017]). Thus, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the proof was legally sufficient to establish defendant's guilt of criminal mischief in the fourth degree. Moreover, upon exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict of guilt was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 31, 2019