■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Also Known as RADAMES VILLANUEVA, Appellant. [843 NYS2d 313]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered March 24, 2005, convicting defendant, after a jury trial, of assault in the second degree (two counts), petit larceny and bail jumping in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.

The court properly declined to order a midtrial psychiatric examination. Nothing in the record casts doubt on defendant's mental competency (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757, 766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]). There was no history of mental illness or other indication of lack of capacity. Instead, defense counsel informed the court that while throughout the case defendant had understood the charges and assisted in his defense, he had suddenly shown a lack of understanding of a legal concept, that is, the strict liability aspect of assault on a police officer (*see* Penal Law § 120.05 [3]). This was no indication that he lacked understanding of the proceedings as a result of a mental disease or defect (*see People v Stamps*, 296 AD2d 325 [2002], *lv denied* 99 NY2d 540 [2002]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence that each of the two police officers sustained physical injury (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]).

Both of defendant's constitutional claims concerning his sentence are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant's sentence, which was the minimum permitted by law, was not unconstitutionally severe (*see Rummel v Estelle*, 445 US 263, 271 [1980]; *People v Broadie*, 37 NY2d 100, 110-111 [1975], *cert denied* 423 US 950 [1975]), and that his challenge to the procedure under which he was adjudicated a persistent felony offender is also without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Nardelli, J.P., Gonzalez, Sweeny, McGuire and Kavanagh, JJ.