The People of the State of New York, Respondent, v Andrew S. Wilcox, Appellant. [845 NYS2d 621]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered May 10, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that County Court erred in failing sua sponte to order a competency hearing pursuant to CPL 730.30 (1) and that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to request a hearing or to present evidence of defendant's "mental disease." We reject those contentions. It is well settled that "[a] defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant was an incapacitated person' " (*People v Morgan*, 87 NY2d 878, 880 [1995]; *see People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Williams*, 35 AD3d 1273 [2006], *lv denied* 8 NY3d 928 [2007]). Here, defendant's responses to the court's questions during the plea colloquy were "appropriate, showing no indication of mental impairment requiring a competency hearing" (*People v Dover*, 227 AD2d 804, 805 [1996], *lv denied* 88 NY2d 984 [1996]), and the record otherwise is devoid of any evidence that defendant was mentally incompetent or suffered from mental disease. Thus, to the extent that defendant's contention with respect to ineffective assistance of counsel based on defense counsel's failure to request a hearing or to present evidence of defendant's alleged "mental disease" survives defendant's plea of guilty (*see generally People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit.

Contrary to defendant's further contention, the duration of the order of protection is proper inasmuch as it expires well within eight years from the date of the expiration of the maximum term of defendant's sentence (*see* CPL 530.13 [4]). Defendant's remaining contentions are unpreserved for our review, or otherwise without merit. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.