■ The People of the State of New York, Respondent, v Pedro Gomez, Appellant. [888 NYS2d 613]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered January 3, 2008, convicting him of burglary in the first degree, attempted robbery in the first degree (two counts), criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the second degree, menacing in the second degree, possession of burglary tools, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honoroff, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. The defendant has not demonstrated that his attorney's representation "fell below an objective standard of reasonableness" (*Strickland v Washington*, 466 US 668, 688 [1984]) or that his attorney failed to provide him with "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). The defendant's contention that trial counsel was ineffective for failing to take the steps necessary to the presentation of a defense of lack of criminal responsibility by rea-

son of mental disease or defect is without merit. Under the circumstances of this case, counsel's decision to pursue a duress defense and not an insanity defense constituted a reasonable trial strategy (*see People v Davalloo*, 39 AD3d 559 [2007]). The defendant further contends that he was denied the effective assistance of counsel due to his attorney's failure to request a competency examination pursuant to CPL 730.30 and his attorney's failure to argue at the second *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]) that the court should adhere to the ruling of the judge who presided at the first *Sandoval* hearing. These contentions are also without merit. There are clear indications in the record that the defendant, who participated in his defense, was not incapacitated (*see People v Wilcox*, 45 AD3d 1320 [2007]). Moreover, a successor judge is not bound by a prior *Sandoval* ruling made in the same case (*see People v Evans*, 94 NY2d 499, 505-506 [2000]). Thus, since "an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (*People v Ennis*, 11 NY3d 403, 415 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]; *see People v Stultz*, 2 NY3d 277, 287 [2004]), counsel's alleged deficiencies did not constitute ineffective assistance of counsel.

The hearing court properly declined to suppress identification testimony. The showup procedure in this case was conducted in close spatial and temporal proximity to the crime, for the purpose of securing a prompt and reliable identification (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 543-544 [1991]; *People v Berry*, 50 AD3d 1047 [2008]), and the facts that police officers were standing near the defendant, and that the defendant was wearing the hat described by the complainant, which he had been wearing at the time he was apprehended, did not render the procedure unduly suggestive (*see People v Tramble*, 60 AD3d 443 [2009]; *People v Berry*, 50 AD3d at 1048; *People v Johnson*, 137 AD2d 719, 720 [1988]). The defendant's remaining contentions regarding the showup procedure are unpreserved for appellate review and, in any event, are without merit.

The defendant's contention that the written statement he gave to police officers after his arrest should have been suppressed is unpreserved for appellate review and, in any event, is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.