■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PORTES, Appellant. [4 NYS3d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 31, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as the defendant did not, at the time, object to the comments (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Caldwell*, 115 AD3d 870, 871 [2014]; *People v Bilal*, 79 AD3d 900, 901 [2010]). In any event, the challenged comments were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Applewhite*, 50 AD3d 1046, 1046 [2008]; *People v McHarris*, 297 AD2d 824, 825 [2002]), or responsive to arguments and theories presented in the defense summation (*see People v Cass*, 18 NY3d 553, 564 [2012]; *People v Perez*, 120 AD3d 514, 516 [2014]; *People v Barcero*, 116 AD3d 1060, 1061 [2014]). To the extent that some of the prosecutor's remarks were improper, those remarks did not deprive the defendant of a fair trial (*see People v Boley*, 116 AD3d 965, 966 [2014]; *People v Roscher*, 114 AD3d 812, 813 [2014]).

Contrary to the defendant's contention, he was not deprived of his constitutional right of confrontation by the admission of an autopsy report without the testimony of the medical examiner who prepared the report (*see People v Freycinet*, 11 NY3d 38, 42 [2008]; *People v Green*, 110 AD3d 825, 826 [2013]). Thus, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel based upon defense counsel's failure to object to the admission of the autopsy report, as counsel is not deemed ineffective for failing to make a motion or argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Jackson*, 117 AD3d 966, 969 [2014]; *People v Gomez*, 67 AD3d 927, 928 [2009]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.