■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PERKINS, Also Known as BAHATTI GRIFFIN, Appellant. [8 NYS3d 593]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered September 19, 2012, convicting him of sexual abuse in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant seeks a new trial based upon certain comments made by the prosecutor in summation, which informed the jury that sexual abuse in the third degree is a misdemeanor. Contrary to the defendant's contention, the prosecutor's remarks were not referring to the punishment that the defendant would receive, but rather, accurately characterized the defendant's testimony. Under the circumstances of this case, including the defendant's admissions during his trial testimony that he committed the acts constituting the misdemeanors of which he was convicted, it cannot be said that the challenged summation comments deprived the defendant of a fair trial (*see People v Portes*, 125 AD3d 794 [2015]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. PINCHUPA, Appellant. [8 NYS3d 604]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Modica, J.), imposed May 7, 2013, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Callahan*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Chambers, Sgroi and Miller, JJ., concur.