People v Thomas (2019 NY Slip Op 01454)





People v Thomas


2019 NY Slip Op 01454


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

107946

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DERRICK THOMAS, Also Known as TRACEY MENDEZ, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Noreen McCarthy, Keene Valley, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), rendered August 13, 2015 in Albany County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree.
Defendant was charged in an indictment with crimes related to, as is relevant here, his sale of cocaine to a confidential informant (hereinafter CI) on two occasions and his possession of cocaine at the time of his arrest. The case proceeded to a trial at which the jury convicted defendant of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree. Defendant made statements at the initial sentencing date that, when coupled with concerns raised in the presentence investigation report about his mental health, prompted Supreme Court to order an assessment of his competency to proceed (see CPL 730.30 [1]). The examining psychologists found that defendant was an "incapacitated person" (CPL 730.50 [1]; see CPL 730.30 [3]). Supreme Court rejected the ensuing motion by defendant to set aside the verdict on the ground that those reports pointed to his incapacity at the time of trial, then ordered him committed to the custody of the Commissioner of Mental Health for care and treatment (see CPL 730.50 [1]). Several weeks later, he was found fit to proceed and returned for sentencing (see CPL 730.60 [2]). Supreme Court thereafter sentenced defendant to an aggregate prison term of eight years on the two sale convictions, to be followed by postrelease supervision of two years, with a lesser concurrent term on the remaining conviction. Defendant now appeals.
Defendant asserts that the verdict was not supported by legally sufficient proof and, as to the two sales for which he was convicted, moved for a trial order of dismissal upon the ground that the People failed to establish his identity as the seller. The trial evidence on that point included the CI's testimony as to how she arranged the sales with defendant and what transpired during them, the testimony of investigators who surveilled the scene, recovered what proved to [*2]be cocaine from the CI immediately after the sales and tailed defendant to and from his residence, and other audio and photographic evidence. Contrary to defendant's contention, the foregoing constituted legally sufficient proof from which the jury could find that he was the seller on both occasions (see People v Nicholas, 130 AD3d 1314, 1314-1316 [2015]; People v Lee, 129 AD3d 1295, 1296-1297 [2015], lv denied 27 NY3d 1001 [2016]). Defendant's challenges to the legal sufficiency of the proof underlying other elements of the charged sales were not advanced via specific objection in his motion for a trial order of dismissal and, as a consequence, are unpreserved for our review (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Junior, 119 AD3d 1228, 1229 [2014], lv denied 24 NY3d 1044 [2014]).
Next, the failure to accommodate defendant's alleged hearing problem did not deprive him of his right to be present and participate at material stages of trial (see US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; United States v Crandall, 748 F3d 476, 481 [2d Cir 2014]; see also Judiciary Law § 390). To the extent that this issue is preserved despite defendant's failure to request an accommodation while physically present (see People v Robles, 86 NY2d 763, 765 [1995]; People v Diallo, 132 AD3d 1010, 1010 [2015], lv denied 27 NY3d 1150 [2016]), Supreme Court adequately addressed the isolated occasions where defendant indicated that he had not heard what was said and "there was no obvious impairment necessitating the provision by the court, sua sponte, of" further assistance (People v Phillips, 265 AD2d 237, 237 [1999], lv denied 94 NY2d 906 [2000]; see People v Warcha, 17 AD3d 491, 492 [2005], lvs denied 5 NY3d 762, 771 [2005]).
Defendant's similar claim, that Supreme Court should have done more to investigate his competency at trial after his postverdict behavior raised concerns about his mental state, is also unavailing. "[A] defendant is presumed to be competent, and the law 'is well settled that a defendant is not entitled, as a matter of right, to have the question of his [or her] capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity'" (People v Tortorici, 92 NY2d 757, 765 [1999] [internal citation omitted], cert denied 528 US 834 [1999], quoting People v Armlin, 37 NY2d 167, 171 [1975]; see People v Kot, 126 AD3d 1022, 1024 [2015], lv denied 25 NY3d 1203 [2015]). The record contains no reason to doubt defendant's meaningful participation in the trial proceedings and, on the one pretrial occasion when he seemed "slow to comprehend" what was said to him, appropriate action was taken (People v Charlton, 192 AD2d 757, 759 [1993], lv denied 81 NY2d 1071 [1993]; see People v Perez, 44 AD3d 491, 491 [2007], lvs denied 9 NY3d 1037, 1040 [2008]). Defendant later moved to set aside the verdict on competency grounds, but the motion papers did nothing to rebut the presumption that he was competent at trial. To the contrary, the motion papers included representations by defense counsel that they had no contemporaneous concerns about defendant's ability to understand and participate in the proceedings, and Supreme Court noted in denying the motion that defendant had consistently "interacted with and responded to [it] in an appropriate and intelligent manner" (see People v Tortorici, 92 NY2d at 766-767). Moreover, the duration and degree of defendant's mental impairment was open to question, as he was declared fit for sentencing several weeks after the order of commitment was issued. Under these circumstances, although Supreme Court was right to invoke CPL article 730 when questions arose as to defendant's mental state following trial (see People v Bangert, 22 NY2d 799, 800 [1968]), it did not abuse its discretion in declining to, upon its own initiative, retroactively investigate whether defendant was competent at the trial itself (see People v Gelikkaya, 84 NY2d 456, 459-460 [1994]; People v Bilal, 79 AD3d 900, 901-902 [2010], lv denied 16 NY3d 856 [2011]; People v Johnson, 52 AD3d 1040, 1042 [2008], lv denied 11 NY3d 833 [2008]; People v Graham, 272 AD2d 479, 479-480 [2000], lv denied 95 NY2d 865 [2000]).
Lastly, defendant was not denied the effective assistance of counsel. With regard to defendant's purported hearing impairment and mental incapacity, the record does not reflect that either impacted defendant's ability to participate at trial or his eventual sentencing, and defendant does not show that counsel's failure to more vigorously pursue those issues "lacked a legitimate reason or constituted ineffective assistance" (People v Wojes, 306 AD2d 754, 755 [2003], lv denied 100 NY2d 600 [2003]; see People v Gomez, 67 AD3d 927, 928 [2009]; People v Borom, [*3]55 AD3d 1041, 1042 [2008]). Likewise, there was an obvious strategy behind defense counsel's decision to allow into evidence the laboratory reports identifying the substances sold to the CI as cocaine, as any dispute on that point would only distract from "the theory of [the] defense, i.e., that [defendant] took no part in the" sales to begin with (People v Alexander, 255 AD2d 708, 709 [1998], lv denied 93 NY2d 897 [1999]; see People v Jones, 101 AD3d 1241, 1243 [2012], lv denied 21 NY3d 944 [2013]). The remaining instances of supposedly ineffective assistance cited by defendant are not persuasive, and our review of "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that" he received "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Honghirun, 29 NY3d 284, 289 [2017]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.