People v Diallo (2025 NY Slip Op 51324(U))

[*1]

People v Diallo

2025 NY Slip Op 51324(U)

Decided on August 22, 2025

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2025
City Court of Yonkers

The People of the State of New York, Plaintiff

against
Abdoul Diallo, Defendant

Docket No. CR-0288-24

Arlene M. Ramezanzadeh, Assistant District Attorney
Westchester County District Attorney's Office
Yonkers Branch
104 South Broadway 
Yonkers NY 10701
Rosalie C. Leslie, Esq.
202 Mamaroneck Avenue
Suite 504
White Plains, NY 10601

Ada D. Medina, J.

The following papers numbered 1-7 were read and considered on defendant's motion to dismiss (CPL § 30.30).
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Affirmation/Affidavits in Opposition 2
Felony Complaint 3
Misdemeanor Information 4
Filed Papers 5-7
Factual Background
On January 10, 2024, the People filed a felony complaint charging defendant with criminal mischief in the second degree (Penal Law § 145.10). Thereafter, on February 15, 2024, the People filed a superseding misdemeanor information ("SMI") charging defendant with unlawful imprisonment in the second degree (Penal Law § 135.05 [counts one and two]); assault [*2]in the third degree (Penal Law § 120.00 [1] [count three]); criminal mischief in the fourth degree (Penal Law § 145.00 [1] [counts four and five]); menacing in the third degree (Penal Law § 120.15 [count six]); and harassment in the second degree (Penal Law § 240.26 [1] [counts seven, eight, and nine]).
The People filed a Certificate of Compliance ("COC") and declared ready for trial on April 26, 2024. The People turned over additional discovery and filed supplemental Certificates of Compliance ("SCOC") on April 24, 2025 and July 3, 2025 respectively. Now before this Court is defendant's motion to dismiss (CPL § 30.30) filed on June 4, 2025. The People submitted opposition on July 3, 2025. Defendant did not reply. 
Certificate of Compliance
On January 1, 2020, substantive criminal discovery reforms took effect regarding the People's disclosure obligations (CPL § 245 et al.). In the following years, local courts analyzed the statutory discovery changes on a case-by-case basis. It was not until 2023 that the Court of Appeals provided authority to assist courts in determining whether the People are in compliance with their discovery obligations (People v Bay, 41 NY3d 200 [2023]). Now, the legislature implemented further revisions to CPL § 245, some of which codify the Court of Appeals analysis in People v Bay. These statutory changes significantly impact a court's CPL § 245 and CPL § 30.30 analysis.
As of January 1, 2020, the People were required to " . . . disclose to the defendant . . . all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control . . . " (emphasis added; CPL § 245.20 [1] [effective January 1, 2020 through August 6, 2025]). This provision has been removed and is now amended under certain categories of discovery to read "relate[s] to the subject matter of the charge against the defendant" and/or "relevant to any offense charged or to any potential defense thereto" (CPL § 245.20 et al. [effective August 7, 2025]). Now, when a defendant challenges a specific item of discovery, this Court must refer to the enumerated item of discovery to ascertain the applicable language.
Moreover, statutory changes also relate to a defendant's obligations when contesting the validity of the People's COC and/or SCOC. Previously, to the extent defendant was "aware of a potential defect or deficiency[,]" defendant was required to "notify or alert the opposing party as soon as practicable" and file a motion "as soon as practicable" (CPL § 245.50 [4] [b]-[c] [effective January 1, 2020 through August 6, 2025]). Now, "[c]hallenges to the validity of a [COC] or [SCOC] served on the defense and filed with the court . . . shall be addressed by motion within thirty-five days of the service of the [COC or SCOC]) (CPL § 245.50 [4] [c] [effective August 7, 2025). As this relates to the People's speedy trial obligations (CPL § 30.30), the statute provides "[n]othing in this section shall be construed to waive a party's right to file a motion pursuant to section 30.30 . . . on grounds unrelated to the validity of a [COC]" (CPL § 245.50 [4] [c]).
This Court may extend the thirty-five day requirement only for "good cause shown" (CPL § 245.50 [c] [i]) and such request must be made prior to the "expiration of the thirty-five days" (CPL § 245.50 [c] [i]). The only exception is where " . . . the grounds for such challenge are based upon a material change in circumstances, including but not limited to the belated disclosure of discoverable material . . . or, where the party entitled to disclosure could not, with due diligence, have known of the specific and particularized matters forming the basis of the challenge prior to the expiration of such period" (CPL § 245.50 [4] [c] [ii]).
A motion challenging a COC and/or SCOC now requires "an affirmation by the moving party that, after the filing of the opposing party's [COC], such moving party timely conferred in good faith or timely made good faith efforts to confer with the opposing party regarding the specific and particularized matters forming the basis for such challenge, that efforts to obtain the missing discovery from the opposing party or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached" (CPL § 245.50 [4] [c]). This includes conferring "informally, including but not limited to communication by email, telephone, or any other reasonable means" (CPL § 245.50 [4] [c]).
Lastly, the Court of Appeals in People v Bay provided factors for a court to consider when determining whether the People exercised due diligence to comply with discovery (41 NY3d at 212). The legislature has codified the Bay factors which include but are not limited to:
" . . . the efforts made by the prosecutor to comply with the requirements of [CPL § 245]; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial"
(CPL § 245.50 [5] [a]). Furthermore, "[t]he court's determination shall be based on consideration of all factors [above] and no one factor shall be determinative" (CPL § 245.50 [5] [b]).
The law remains unchanged that "absent an individualized finding of special circumstances . . . the prosecution shall not be deemed ready for trial for purposes of [CPL § 30.30] until it has filed a valid [COC] (CPL § 245.50 [1], [3] [changing only "proper" certificate to "valid" certificate]). However, now a court cannot invalidate a COC and/or SCOC unless it "determine[s] that the [P]eople did not exercise due diligence and, in making such determination, the court looked at the totality of the prosecution's efforts to comply with [CPL § 245] rather than assess the prosecution's efforts item by item, and consider[s] the [CPL § 245.50 [5] [a]] factors relevant to assessing due diligence . . . " (CPL § 30.30 [5] [b] [listing the same factors as CPL § 245.50 [5] [a]]). The People still "bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Luna, 83 Misc 3d 62, 64-65 [App Term, 2d Dept, 9th & 10th Jud Dists 2024] citing Bay, 41 NY3d at 213).
The Parties Arguments
Defendant contends "the People were not ready to proceed to trial" when they filed their COC, "therefore such filing was not timely [and] [t]he declaration of readiness was illusory" (defendant's motion, affirmation of defendant's counsel ¶ 6). Defendant claims "information regarding the complainant and the police officers were not timely provided to the defense" (id.). Defendant asserts "some of the Yonkers police officers involved and investigating the charges against the defendant were the subjects of the Mount Vernon Police Department investigation and have voluminous disciplinary records . . . " (id. ¶ 7).
Upon the plain reading of defendant's motion alone, this Court is unable to ascertain the officer(s) defendant is referring to since defendant fails to name the officer(s) at issue. Rather, defendant's motion only alleges in general terms that "some of the Yonkers police officers involved" have prior disciplinary complaints and/or records when they were employed by the Mount Vernon Police Department (id. ¶ 7). Moreover, defendant's motion is silent as to whether defendant has conferred with the People and/or has previously raised this issue prior to filing the instant motion (CPL § 245.50 [4] [c]). 
A review of the People's COC indicates the People turned over "K) Impeachment Material on Witnesses SEE 1K"; "P) Judgments of Conviction for Witnesses SEE 1K"; and "Q) Pending Cases against civilian witnesses SEE 1K" (People's COC filed August 26, 2024; Discovery Disclosure Index at 2; Discovery Package Transmittal Notice dated March 26, 2024 including but not limited to "1K PALLADINO Justin MVPD.pdf"). The People's opposition confirms this Court's review of the COC and affirms they turned over "impeachment and 1K material for Yonkers Police Officers Justin Palladino and Trevor Hayden" when the matter was pending as a felony and to defendant's current attorney, all prior to the filing of their COC and declaration of readiness on April 26, 2024 (People's opp, affirmation at 3-4; mem of law, point I at 10-11).
The People concede they filed a second SCOC and turned over additional 1K documentation after defendant filed the instant motion. The People state they turned over "new and additional 1K and impeachment material [for] Yonkers Police Department Officers Justin Palladino and Trevor Hayden to the defendant's attorney" on July 3, 2025 (People's opp, affirmation at 6; mem of law at 12). The People's second SCOC states "[a]t the time of the previous [COC], this information was not in the possession of the [Westchester County District Attorney's Office]" (People's second SCOC filed July 3, 2025). The People indicate that "[i]n light of the uncertainty created by conflicting court decisions, including recent appellate level decisions impacting this jurisdiction, regarding disclosure requirements under CPL [§] 245.20(1)(k)" the People did not previously turn over the 1K material (id.). The People's opposition expands on this argument (see People v Johnson, 218 AD3d 1347 [4d Dept 2023]; People v McCarty, 221 AD3d 1360 [3d Dept]).
CPL § 245.20 [1] [k]
It is undisputed that pursuant to CPL § 245.20 [1] [k] [iv], the People are required to turn over:
"All evidence and information that relate to the subject matter of the case . . . that tends to:
. . . (iv) impeach the credibility of a testifying prosecution witness . . . "
The statute remains unchanged that mandated discovery pursuant to this section "relate[s] to the subject matter of the case." The dispute lies, however, as to what information and how much information concerning police disciplinary records must be turned over to comply with the foregoing. The People rely on appellate authority which holds that in order for an officer's disciplinary history to be subject to CPL § 245.20 [1] [k] disclosure, it must relate to "the subject matter of the case" (see Johnson, 218 AD3d 1347; McCarty, 221 AD3d 1360]). The People assert Johnson and McCarty are binding on this Court since there are no Appellate Division Second Department cases on point.
At the outset, this Court disagrees there are no Second Department cases on point. Rather, the Second Department has stated "there is no merit to [a] defendant's contention, in effect, that CPL [§] 245.20(1)(k) requires automatic disclosure of the entire disciplinary record for every law enforcement officer involved in his case, as a plain reading of the automatic disclosure statute establishes that the People are only required to disclose 'all items and information that relate to the subject matter of the case' . . . , which 'is consistent with the balancing of interests espoused by the Court of Appeals'" (People v Macaluso, 230 AD3d 1158, 1160 [2d Dept 2024]). Moreover, the Second Department has found the People are "not required to disclose [disciplinary] records pursuant to CPL [§] 245.20(1)(k)(iv) [when the People do] not intend to call the [officer] as a testifying witness" or the records are "unrelated to the subject matter of the case" (People v Henderson, 237 AD3d 853, 854 [2d Dept 2025]).
Although the above referenced Second Department cases are consistent with the People's reliance on Third and Fourth Department cases, the Second Department has more specifically found that "[b]ased upon the plain meaning of the text of CPL 245.20(1)(k)(iv), and considering the statute in the larger statutory scheme of CPL article 245, as well as the legislative history of, and impetus for the criminal justice reforms, we therefore hold that records that may 'tend[ ] to ... impeach the credibility of a testifying prosecution witness' are related to the subject matter of the case, and must be disclosed as part of automatic discovery" (People v Coley, 2025 NY Slip Op 01945 [2d Dept 2025]).
In justifying the belated disclosure, the People contend "the police disciplinary records of Police Officers Justin Palladino and Trevor Hayden, [] are wholly unrelated to the case" (People's opp, mem of law at 18). The People state "[t]hese disciplinary records stem from an arrest that occurred while Officer Palladino was on duty as a Mount Vernon Police Officer on October 18, 2021 . . . over three years before the [current] defendant's arrest" (id. at 19). In opposition, the People attach Mount Vernon Police Department records for Officer Palladino which confirm the disciplinary allegations were ultimely determined to be unsubstantiated (People's opp, exhibit 12). However, the People fail to provide any information and/or exhibits related to disciplinary records for Officer Trevor Hayden. Based on the People's second SCOC Disclosure Package Transmittal Notice, the People also turned over records related to the New York City Police Department, again without any information or exhibits in opposition to inform this Court as to the substance of those disciplinary matters.
Based on the foregoing, this Court finds the People have failed to sufficiently establish they exercised due diligence prior to filing their COC to locate, obtain, and turn over impeachment materials pursuant to CPL § 245.20 [1] [k]. The People have also failed to establish the belatedly disclosed materials are not related to the subject matter of the case. Since the People concede they were aware of the officers' disciplinary history prior to filing their COC, the People should have erred on the side of caution, and within the parameters of prior decisions of this Court and appellate authority, to turn over the 1K materials prior to filing their COC. Alternatively, the People could have sought a preliminary ruling from this Court as to whether the materials related to the subject matter of the case and, as such, were required to be turned over.
Timeliness of Motion and Due Diligence Factors
Prior to August 7, 2025, the above analysis alone would have resulted in this Court deeming the People's COC invalid and statement of readiness illusory. Now, the People's failure [*3]to exercise due diligence as to one (1) category of discovery alone, is no longer enough to invalidate their COC. This Court must also address defendant's timeliness in filing the instant motion.
At the outset, the People filed their COC on April 26, 2024, and filed SCOCs on April 24, 2025 and July 3, 2025 respectively. Defendant did not file the instant motion until June 4, 2025, over a year after the People filed their COC. Based on the prior and current law, defendant's motion is untimely since it was not filed "as soon as practicable" (CPL § 245.50 [4] [b]-[c] [effective January 1, 2020 through August 6, 2025]) nor within "thirty-five days of the service of the [COC or SCOC]) (CPL § 245.50 [4] [c] [effective August 7, 2025).
This Court now looks to the totality of the People's efforts to comply with CPL § 245.20 to determine whether the People exercised overall due diligence prior to filing their COC (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). First, this Court credits the People's efforts to comply which began at the commencement of the action (CPL § 245.50 [5] [a]; People's affirmation at 3-4; mem of law at 10-11). However, the volume of discovery provided in this matter is neither voluminous nor burdensome (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). Rather, the discovery provided is consistent with discovery in most criminal cases (police reports, jail documents, CAD report, radio transmissions/911 calls audio, accusatory instrument, discovery demand, photographs, medical records, domestic violence aide notes, impeachment material, body worn camera footage) (People's affirmation at 3-4; mem of law at 10). Moreover, the complexity of the case (a domestic violence matter between intimate partners alleging physical injury and property damage) is not deemed to be so complex to the District Attorney's Office (CPL § 245.50 [5] [a[b]], 30.30 [5] [b]).
Although the belated information consists of only one (1) category of discoverable material (CPL § 245.20 [1] [k]), it is the remaining due diligence factors which this Court takes issue with in the instant matter. Here, the People knew the belatedly disclosed or allegedly missing material existed at the time they filed their COC (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). The People were aware of the impeachment materials because they turned over "impeachment and 1K material for Yonkers Police Officers Justin Palladino and Trevor Hayden" on February 6, 2024, twenty-seven (27) days after commencement of the action (People's affirmation at 3; mem of law at 10). The People seek to shift the discovery disclosure requirement on to defendant to request the additional impeachment materials as indicated in their impeachment memorandum. Said memorandum states "[a]dditional materials generated during the investigation may exist. Please contact the Discovery Bureau of the Westchester County District Attorney's Office . . . to schedule an appointment if you wish the view these materials" (People's Opp, mem of law at 19; exhibit 12).
Once defendant filed the instant motion, although belatedly, the People obtained and disclosed the 1K materials. The People's second SCOC attempts to explain the discovery lapse by indicating the materials were "not in the possession" of the People prior to filing their COC (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). However, a mere lack of possession is insufficient alone as the People's opposition is devoid of any facts as to what efforts, if any, they took to obtain possession of the materials. Furthermore, this Court does not agree with the People that conflicting caselaw allowed the People to withhold materials. As discussed above, this Court finds the People have not established the belatedly disclosed materials do not relate to the subject matter of the case. Therefore, the impeachment materials were subject to automatic discovery and were required to be disclosed prior to the COC (CPL § 245.20 [1] [k]). 
Upon being apprised of the missing discovery, the People turned over the materials and the omission was corrected (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). However, the materials were not duplicative nor insignificant since defendant had not yet obtained nor reviewed the information (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). The People also did not self-report nor take prompt remedial action without court intervention since it was only upon defendant's motion did the People further comply (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]).
The last factor consists of whether the People's delayed disclosure was "prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial" (CPL § 245.50 [5] [a]-[b], 30.30 [5] [b]). Previously, "a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations" (Bay, 41 NY3d at 213). Rather, prejudice was only a consideration for CPL § 245.80 sanctions, not a factor in a CPL § 30.30 analysis (id.). Here, defendant's motion is silent as to any prejudice suffered. Additionally, this matter has not been scheduled for trial, therefore, defendant has sufficient time to review the disclosed discovery, effectively investigate the case, and prepare for trial.
In considering all the foregoing factors, this Court determines the People did not exercise due diligence to comply with CPL § 245.20 prior to filing their initial COC. As such, this Court hereby invalidates the People's COC and declaration of readiness filed on April 26, 2024. This Court determines the People validly declared ready for trial as of July 3, 2025, when they turned over the belated materials and filed their second SCOC.
Defendant's argument that the People failed to turn over impeachment material related to complainant is without merit. The People turned over an updated repository inquiry on April 24, 2025, since complainant "had recently been arrested on a new matter" (People's opp, affirmation at 5; mem of law at 11). This information did not exist at the time the People filed their COC, therefore, this Court declines to invalidate the COC on this basis.
CPL § 30.30
CPL § 30.30 "[w]as enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (People v Sinistaj, 67 NY2d 236, 239 [1986]). The People shall not be deemed ready for trial for purposes of CPL § 30.30 until they provide defendant with all discovery required by CPL § 245.20 and file a valid Certificate of Compliance ("COC") (CPL § 245.50 [3]). 
On a motion to dismiss pursuant to CPL § 30.30, the movant bears the burden to demonstrate the "prosecution failed to declare readiness within the statutorily prescribed time period . . . " (People v Luperon, 85 NY2d 71, 77-78 [1995]). The People must be ready for trial within six (6) months of the commencement of the criminal action on a felony (CPL § 30.30 [1] [a]) and ninety (90) days on a misdemeanor (CPL § 30.30 [1] [b]). The exception to this rule occurs when a case is commenced as a felony and thereafter replaced with a SMI (CPL § 30.30 [7] [c]; People v Wahab, 77 Misc 3d 1212[A] [Crim Ct, Bronx County 2022]; People v Carter, 83 Misc 3d 1225[A] [Yonkers City Ct 2023]). Based on the below CPL § 30.30 analysis, this Court finds the People have ninety (90) days from the date of the SMI to declare ready for trial (CPL § 30.30 [7] [c]). 
Each time period will be discussed accordingly.
January 10, 2024 — February 15, 2024
The People commenced this action by filing a felony complaint on January 10, 2024 (CPL §§ 1.20[17], 100.05). Thereafter, the People filed a SMI on February 15, 2024. The time between commencement of the action and the filing of the SMI, amounts to thirty-six (36) days. As such, the People have ninety (90) days from the filing of the SMI to declare ready for trial (CPL § 30.30 [7] [c]). 
February 15, 2024 — March 6, 2024
The People concede they filed a SMI on February 15, 2024 (People's opp, affirmation at 4). However, the People assert the speedy trial clock starts on March 15, 2024, the date defendant was arraigned on the SMI. This Court disagrees as CPL § 30.30 [7] [c] states "the period applicable . . . must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument (emphasis added).
Despite the inconsistencies above, the People concede the time from February 7, 2024 to March 6, 2024 is chargeable to the People (People's opp, mem of law at 26). Since the speedy trial clock starts on February 15, 2024, this Court charges the People with the time from February 15, 2024 to March 6, 2024 (20 days).
As such, twenty (20) days are chargeable to the People.
March 6, 2024 — March 15, 2024
On March 6, 2024, defendant did not appear. The People seek to exclude this time based on CPL § 30.30 [a] (People's opp, mem of law at 26). This Court finds the People's reliance on CPL § 30.30 [a] is misplaced. The People have not shown this time period was due to "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; [or] the period during which such matters are under consideration by the court" (CPL § 30.30 [a]). Therefore, this Court charges the People with the time from March 6, 2024 to March 15, 2024 (9 days).
As such, nine (9) days are chargeable to the People.
March 15, 2024 — April 12, 2024
The People concede they requested an adjournment from March 15, 2024 to March 29, 2024 (People's opp, affirmation at 4; mem of law at 26). However, the People assert defendant requested the additional time from March 29, 2024 to April 12, 2024 (id.). The People seek an exclusion for the additional time based on defendant's request (CPL § 30.30 [4] [b]).
Based on the papers submitted by defendant and the People, an issue of fact exists as to the time period of March 29, 2024 to April 12, 2024. Ordinarily, a hearing would be required to determine what time, if any, is chargeable to the People (People v Santos, 68 NY2d 859, 861 [1986]; People v Brady, 67 AD3d 927 [2nd Dept 2018]). However, based on the overall findings of this Court, a determination of the instant time period is rendered moot. 
As such, fourteen (14) days are chargeable to the People.
April 12, 2024 — May 10, 2024
The People concede they requested an adjournment from April 12, 2024 to May 1, 2024 [*4](People's opp, affirmation at 4; mem of law at 26). However, the People assert defendant requested the additional time from May 1, 2024 to May 10, 2024 (id.). Therefore, the People seek an exclusion for the additional time based on defendant's request (CPL § 30.30 [4] [b]).
On April 26, 2024, the People filed their COC. Since this Court has invalidated the People's COC and deemed their statement of readiness illusory, the speedy trial clock did not stop on April 26, 2024. Therefore, this Court charges the People with their original adjournment request from April 12, 2024 to May 1, 2024 (19 days).
Based on the papers submitted by defendant and the People, an issue of fact exists as to the time period of May 1, 2024 to May 10, 2024. Ordinarily, a hearing would be required to determine what time, if any, is chargeable to the People (People v Santos, 68 NY2d 859, 861 [1986]; People v Brady, 67 AD3d 927 [2nd Dept 2018]). However, based on the overall findings of this Court, a determination of the instant time period is rendered moot. 
As such, nineteen (19) days are chargeable to the People.
May 10, 2024 — June 4, 2025
Defendant argues the invalidated COC renders all subsequent time chargeable to the People. This Court disagrees since defendant waited over one (1) year to file the instant motion. The timeliness of defendant's motion was not made "as soon as practicable" nor within thirty-five (35) days of the People's COC (CPL § 245.50 [4] [b]-[c] [effective January 1, 2020 through August 6, 2025]; CPL § 245.50 [4] [c] [effective August 7, 2025). Defendant cannot use undue delay to accrue speedy trial time, therefore, this Court declines to charge the People with the full period of defendant's delay (see People v Grant, 75 Misc 3d 1219[A] [Yonkers City Ct 2022]; People v Valdez, 80 Misc 3d 544 [Kings County Crim Ct 2023]).
On June 4, 2025, defendant filed the instant motion. All time subsequent to the filing of defendant's motion is excludable (CPL § 30.30 [4] [a]). Moreover, this Court deems the People ready as of the filing of their second SCOC on July 3, 2025.
As such, zero (0) days are chargeable to the People.
Conclusion
Based on the foregoing, this Court deems the People's COC, filed on April 26, 2024, INVALID and statement of readiness ILLUSORY. This Court finds the People filed a valid SCOC and declared ready for trial as of July 3, 2025.
Pursuant to CPL § 30.30, this Court finds the People are charged with at least sixty-two (62) days. Even if this Court were to charge the People with the time periods in dispute (March 29, 2024 to April 12, 2024 [14 days]; May 1, 2024 to May 10, 2024 [9 days]), the People would have only taken eighty-five (85) days. Since the People have ninety (90) days to declare ready for trial (CPL § 30.30 [7] [c]), defendant's motion to dismiss is hereby DENIED.